# Eleanor Puntenney, Appellee, v. Wildeman & Company et al., Appellants.

## Gen. No. 28,880.

1. CORPORATIONS—*Act of 1921 as repeal of Securities Act of 1919.* In an action under section 37 of the Illinois Securities Law of 1919, to recover money paid for stock in a corporation, sold in violation of that act, a contention that the act had been repealed before the suit was begun is untenable inasmuch as the Act of 1921, Cahill's Ill. St. ch. 32, ¶ 290, contains a substantial re-enactment of that section.

2. CORPORATIONS—*sufficiency of evidence as to attorney's fees in action for recovery of purchase price of stock under Securities Act.* Testimony, in an action to recover back money paid for corporate stock sold by defendants in violation of the Securities Act, of an attorney who testified for plaintiff on the subject of attorney's fees was, though not as apt as might be desired, when uncontradicted, sufficient to warrant a judgment for attorney's fees.

3. CORPORATIONS—*sufficiency of evidence of sale of corporate stock in violation of Securities Act.* In an action to recover money paid for corporation stock sold without compliance with the Securities Act, evidence that defendants were brokers and made the sale through a woman with whom they had an arrangement, that they got the certificates, had them put in plaintiff's name and were given a check therefor which they put to their account, sufficiently showed that they did not act as agent of plaintiff but were the sellers themselves.

4. CORPORATIONS—*sufficiency of tender back of corporate stock to sellers as basis for action under Securities Act.* Where corporation stock had, at defendants' request, been sent away to be exchanged for other stock in a reorganized company, a tender back of the latter was sufficient to authorize the maintenance of an action to recover money paid for the stock, under the Securities Act.

5. CORPORATIONS—*payment of dividends as affecting right of recovery of purchase price of stock sold in violation of Securities Act.* In an action to recover money paid for corporate stock sold without compliance with the Securities Act, the payment of dividends on the stock was immaterial.

Appeal by defendants from the Superior Court of Cook county; the Hon. EDWARD D. SHURTLEFF, Judge presiding. Heard in the

third division of this court for the first district at the October term, 1923. Affirmed. Opinion filed October 30, 1924. Rehearing denied November 12, 1924.

WILLIAM R. BRAND, for appellants.

JOSEPH H. HINSHAW and NOAH GULLET, for appellee; JOSEPH H. HINSHAW, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On April 21, 1922, the plaintiff, Eleanor Puntenney, brought an action of trespass on the case in the superior court against the defendants, Wildeman & Company, a corporation, and George H. Wildeman, to recover the amount paid by her for the purchase of certain shares of stock. The declaration alleges that she purchased certain shares of the capital stock of the Harvey Crude Oil Company for $975, which stock was, at the time, "Class D" securities; that the Harvey Crude Oil Company had not complied with the requirements of the Illinois Securities Law, had not filed any statement or inventory, which was required by that law, in the office of the Secretary of State, in order to sell such securities; that the defendants, on December 5, 1919, sold her the stock, and in making the sale acted as the agent and broker of the Harvey Crude Oil Company.

It is also alleged that on August 5, 1921, the defendants, acting as agent or broker for the Harvey Oil Company, sold her 1,300 shares of stock of that company, which likewise had not complied with the requirements of the Securities Law; that the plaintiff paid for 1,300 shares by turning in the shares of stock she had bought on December 5, 1919, in the Harvey Crude Oil Company.

It is also alleged that the sale of August 5, 1921, was made for the purpose of evading liability under

the Illinois Securities Law; that the plaintiff has tendered back to the defendants the 1,300 shares of the Harvey Oil Company stock, and that the defendants are indebted to the plaintiff in the further sum of $325 for attorney's fees, for which the plaintiff has become liable by reason of bringing this suit. The *ad damnum* is $1,325. The defendants pleaded the general issue. Upon the trial, without a jury, there was a judgment for the plaintiff in the sum of $1,225, $350 of which was allowed on account of attorney's fees. This appeal is from that judgment.

It is not disputed that on December 5, 1919, the plaintiff bought 650 shares of Harvey Crude Oil Company at $1.50 per share, and sent to the defendants on that date her check for $975 in payment therefor, and that the defendants cashed that check, and that the defendants, on December 29, 1919, wrote to her: "We are sending you herewith certificates for 550 shares of Harvey Crude Oil transferred in your name. This leaves a balance due you for 100 shares, which will come from the office in due time.  *  *  *  We thank you again for this opportunity to put this splendid stock into your hands." The evidence shows that she got in all from the same source 650 shares of Harvey Crude Oil Company stock. On August 5, 1921, the plaintiff, at the suggestion of the defendants, according to her testimony, exchanged the Harvey Crude Oil Company stock for 1,300 shares of Harvey Oil Company stock. There was introduced in evidence two affidavits of the Secretary of State, which certified that neither of the oil companies had complied with the requirements of the Illinois Securities Law.

Section 37 of the Illinois Securities Law (approved June, 1919) is as follows:

"Every sale and contract of sale made in violation of any of the provisions of this Act shall be void and the seller of the securities so sold and each and every solicitor, agent or broker of or for such seller, who shall have knowingly performed any act or in any

way furthered such sale, shall be jointly and severally liable, upon tender to the seller or in court of the securities sold, to the purchaser for the amount paid, together with his reasonable attorney's fees in any action brought to recover such amount.''

(1) It is contended that section 37 of the Illinois Securities Law of 1919 had been repealed before this suit was begun. However, as the Act of 1921 contains a substantial re-enactment of section 37, that contention is untenable. [Cahill's Ill. St. ch. 32, ¶ 290.]

(2) It is contended that ''no evidence was offered by the plaintiff to show what legal services had been rendered.'' That statement, however, seems to be refuted by the testimony of one McDonald. He was an attorney, and was called and examined for the plaintiff on the subject of attorney's fees. It may be true that his testimony is not as apt and exact as might be desired, but, being uncontradicted, it is sufficient.

(3) It is contended that the plaintiff may not recover because ''the defendants were not agents of the seller.'' The evidence shows quite sufficiently that the defendants themselves bought the stock and sold it to the plaintiff. They got the certificates, had them put in her name, and were given a check payable to G. H. Wildeman, which they put to their account. In the letter of February 17, 1922, the defendants refer in so many words to ''the Harvey Crude Oil purchased from Wildeman & Company in 1919.'' It is the testimony of one Davis, an employee of the Secretary of State in the Department of Securities, that in a conversation with the defendant, Wildeman, the latter said he was president and manager of the company; that he did not sell to the ''plaintiff himself, but that it was done through a woman doctor,'' and when asked if the latter was selling for him, Wildeman, or selling her own stock, he said, ''I had an arrangement with her''; that he further said: ''The Harvey Oil Company is a reorganization and change

of name from the Harvey Crude Oil Company to the Harvey Oil Company.'' The evidence quite sufficiently shows that the defendants did not act as her agent, but were the sellers themselves; that they bought the stock and sold it to the plaintiff.

(4) It is contended that no tender back was made of the original stock. But the original stock had been sent to Kansas City, apparently, at the request of Wildeman, in order to be exchanged for the Harvey Oil Company stock, which she got, and which was offered in evidence, and tendered back. That was sufficient, especially when considered in conjunction with the evidence of Davis, referred to above.

(5) Certain contentions are made as to the payment of dividends, and the rulings of the trial judge as to the admissibility of certain evidence. The matter of dividends was immaterial and the rulings as to matters of evidence not such error as to justify overriding the judgment of the trial judge.

Fifteen letters from the plaintiff to the defendants, covering the period from November 28, 1919, to October 25, 1920, were introduced in evidence for the defendants. And, although they are not all pertinent to the exact issue herein, nevertheless, they are, to quite an extent, helpful proof that the situation involved in this litigation is one that the Illinois Securities Law was certainly intended to cover. *Stewart v. Brady*, 300 Ill. 425.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and THOMSON, J., concur.